IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY LYNN KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 15-541 |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

%AO 72
(Rev. 8/82)

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her SSI application on May 24, 2012, alleging disability due to attention deficit hyperactivity disorder, borderline bipolar disorder, manic depression and mood disorder. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 17, 2013, at which plaintiff appeared and testified while represented by counsel. On November 14, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 24, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a limited education, was 32 years old when she filed her application, and is classified a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past work experience as a cashier, cook/waitress and secretary, but she has not engaged in substantial gainful activity at any time since she filed her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of affective disorder and personality disorder; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she has a number of non-exertional limitations. First, plaintiff is limited to simple, routine and repetitive tasks. Although plaintiff can perform goal oriented work, she is

AO 72
(Rev. 8/82)

precluded from performing at a production rate pace. Finally, plaintiff is restricted to no more than occasional interaction with supervisors, co-workers and the public (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform any past relevant work because it exceeds her residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a kitchen helper, a commercial cleaner and a clothes presser. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4).

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly consider and weigh certain medical opinions and evidence; (2) the ALJ did not properly evaluate plaintiff's credibility; (3) the ALJ failed to fully develop the record; and (4) the ALJ was biased toward plaintiff. After reviewing the record, we conclude that plaintiff's arguments are without merit.

Plaintiff first argues that the ALJ failed to properly weigh the medical opinion of her treating psychiatrist, Dr. Randall Orr. Dr. Orr completed a residual functional capacity questionnaire indicating that plaintiff's mental capabilities were either seriously limited or that she was unable to meet competitive standards in a number of work-related areas, and he also predicted that she would be absent from work more than four days per month. (R. 371-73). The ALJ gave less weight to Dr. Orr's opinion because it was inconsistent with treatment records from his facility, Family Behavioral Resources. (R. 24).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §416.927(c)(2). Under this standard, the ALJ properly analyzed and weighed Dr. Orr's opinion of plaintiff's mental capabilities.

As the ALJ found, Dr. Orr's restrictive assessment of plaintiff's mental functioning is not supported by other evidence from his facility. Dr. Orr signed off on a psychiatric evaluation of plaintiff conducted in November 2012, which showed she made good eye contact, she was alert and oriented, her recent and remote memory were intact, her speech was normal, her judgment and insight were fair, her thought processes were logical and goal directed, and her concentration and attention span were fair, although her mood was slightly irritable. (R. 269). These mental status

examination findings were not consistent with the extreme limitations Dr. Orr later attributed to plaintiff. In addition, records from Dr. Orr's facility do not otherwise document findings which support such extreme limitations. (R. 309-315, 320-331). However, despite the fact that the ALJ did not fully credit Dr. Orr's assessment of plaintiff's mental functional capabilities, the ALJ accounted for Dr. Orr's opinion that plaintiff was limited in her ability to concentrate and interact with others by crafting an RFC Finding which limited plaintiff to simple, routine and repetitive tasks and only occasional interaction with supervisors, co-workers and the public. (R. 21).

Despite the fact that the ALJ properly evaluated and weighed Dr. Orr's opinion, plaintiff asserts that the ALJ rejected it based on "the opinion of the state agency review psychologist Milke, the plaintiff's daily activities, and . . . his interpretation of some of the medical evidence." See Document No. 9 at 10. As just discussed, the ALJ determined Dr. Orr's opinion was entitled to less weight because it was inconsistent with records from his facility, nor for the reasons cited by plaintiff. (R. 24). However, to the extent that plaintiff suggests it was improper for the ALJ to consider Dr. Milke's opinion, plaintiff's activities of daily living and other relevant evidence in evaluating her claim, plaintiff is incorrect.

As stated, plaintiff asserts that the ALJ erroneously relied on the opinion of Dr. Ray Milke, a state agency psychologist who reviewed plaintiff's claim, in part because Dr. Milke did not review plaintiff's complete medical record. Contrary to plaintiff's position, the regulations specify that state agency psychological consultants, such as Dr. Milke, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §416.927(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In Chandler v. Commissioner of Soc. Sec., 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. Id. at 361-62.

Likewise, here, the ALJ properly relied in part on Dr. Milke's assessment of plaintiff's mental capabilities. As in Chandler, the ALJ did not simply rubber stamp Dr. Milke's opinion. Rather, the ALJ considered Dr. Milke's opinion as consistent with the record, including plaintiff's activities of daily living and treatment history, but nevertheless found plaintiff moderately limited in the area of concentration, persistence and pace, contrary to Dr. Milke's opinion that she was only mildly limited in that area.[2] (R. 21, 24, 59). Accordingly, the ALJ did not err in his treatment of Dr. Milke's opinion.

The ALJ also did not err in considering plaintiff's activities of daily living. Although "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity," Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981), it is nonetheless appropriate for the ALJ to consider "the number and type of activities" in which the claimant engages. Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002). Here, the ALJ observed that

---

[2]To the extent plaintiff suggests that the lapse of time between Dr. Milke's assessment in July, 2012, and the subsequent administrative hearing made it inappropriate for the ALJ to rely on Dr. Milke's opinion, the Third Circuit rejected that argument in Chandler, stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." 667 F.3d at 361. It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p. After considering all of the evidence here, the ALJ noted that Dr. Milke's assessment was consistent with the evidence, but gave plaintiff the maximum benefit of the doubt based upon the record as a whole by finding a greater limitation than Dr. Milke in the area of concentration, persistence and pace. (R. 24). The ALJ then accommodated that limitation by restricting plaintiff to simple, routine and repetitive tasks and no work that requires performance at a production rate pace.

plaintiff was able to take care of her own personal needs, prepare meals, perform household chores and handle her own finances, activities which the ALJ observed were at odds with plaintiff's allegation of totally disabling limitations. (R. 23). In evaluating plaintiff's claim, it was proper for the ALJ to consider plaintiff's daily activities in conjunction with the record as a whole, which he did here. Indeed, the ALJ's decision makes clear that the outcome in this case did not hinge only on plaintiff's activities of daily living, or any one particular factor alone.

The ALJ also properly considered plaintiff's treatment history in evaluating her claim. The ALJ accurately summarized plaintiff's treatment history, (R. 22-23), but noted it was limited, and only became more consistent in the six months preceding the hearing. (R. 23). From that, the ALJ logically drew an inference that plaintiff's symptoms were not as severe as alleged, but the ALJ nonetheless accounted for all of plaintiff's credibly established limitations in fashioning the RFC Finding.

Plaintiff's challenge to the ALJ's evaluation of the medical evidence also over-emphasizes the ALJ's purported reliance on GAF scores[3] to discredit Dr. Orr's opinion. As already discussed, the ALJ gave less weight to Dr. Orr's opinion because it was inconsistent with other records from his facility. (R. 24). Although the ALJ noted that plaintiff's GAF scores ranged from 48 to 70, and found the higher scores were more probative of plaintiff's baseline functioning, the decision makes clear that the ALJ did not rely on GAF scores in weighing Dr. Orr's opinion. (R. 24).

Plaintiff's next argument - that the ALJ did not properly evaluate her credibility - also is without merit. As required by the Regulations, the ALJ evaluated plaintiff's credibility by

---

[3]GAF is a numeric scale that has been used by mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults. Although the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale as a measurement tool, the Social Security Administration permits ALJs to use GAF ratings as opinion evidence when assessing claims involving mental disorders. See Hughes v. Commissioner of Soc. Sec., 643 Fed. Appx. 116, 119 n.2 (3d Cir. Jan. 20, 2016) (noting that DSM-5 abandoned the GAF scale).

considering all of the relevant evidence in the record, including plaintiff's own statements about her symptoms and limitations, the medical evidence of record, the extent of plaintiff's treatment, her activities of daily living and the opinions of physicians who treated and examined her. See 20 C.F.R. §§416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 23). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 22-24), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

Plaintiff's final two arguments contending that the ALJ failed to fully develop the record and alleging that the ALJ was biased against her are equally unavailing.

According to plaintiff, the ALJ failed to develop the record because he did not issue a subpoena for additional treatment notes from Dr. Orr's facility, Family Behavioral Resources, despite her request. Plaintiff's characterization of the ALJ's handling of her subpoena request does not accurately portray what occurred.

In a letter dated August 27, 2013, plaintiff's counsel informed the ALJ that he twice made a written request to Family Behavioral Resources to provide treatment notes and medication management notes, but the facility supposedly refused to send the records to counsel's office. (R. 202). Plaintiff's counsel requested that the ALJ issue a subpoena for the records. (R. 202).

At the administrative hearing on September 17, 2013, the ALJ and plaintiff's counsel discussed the subpoena request. The ALJ directed counsel to "submit on line [his] request that [he] . . . made to that provider so we have a record of that." (R. 33). Plaintiff's counsel agreed to provide the requested information, and the ALJ stated, "[t]hen I'll review that and I'll make a determination on your request for a subpoena." (R. 33). At the end of the hearing, plaintiff's counsel committed to providing the ALJ with "copies of the actual letters that went out for Family Behavioral." (R. 55). However, nothing in the record indicates that plaintiff's counsel provided the ALJ with the requested information so that he could determine whether it was appropriate to issue a subpoena.

Despite plaintiff's counsel's apparent failure to supply the requested information, plaintiff now complains that the ALJ failed to fully develop the record because he did not subpoena additional treatment notes from Family Behavioral Resources. As an initial matter, we note that the record contains an intake evaluation, treatment plans and a psychiatric evaluation from Family Behavioral Resources, indicating that the facility responded to a request for records at some point. (R. 267-69, 309-15, 320-331). If plaintiff believed additional treatment notes existed, it was incumbent upon her counsel to make an appropriate subpoena request, which includes identifying the documents with sufficient detail to find them, stating the "important facts" they are expected to prove and explaining "why these facts could not be proven without issuing a subpoena." See 20 C.F.R. §416.1450(d)(2) (specifying the requirements that must be met for issuance of a subpoena). Although plaintiff's counsel's August 27, 2013, letter to the ALJ broadly identified treatment notes and medication management notes from Family Behavioral Resources, the letter does not specify the important facts they are expected to prove, other than a broad statement that they "will further explain [plaintiff's] limitations" related to her conditions, nor does the letter explain why those

AO 72
(Rev. 8/82)

limitations could not be proven without issuing a subpoena. (R. 202). Moreover, plaintiff's counsel apparently never provided the ALJ with the requested information concerning his efforts to obtain the sought after records, despite his commitment to do so. For all of these reasons, we find no merit to plaintiff's assertion that the ALJ failed to fully develop the record.

Finally, plaintiff's contention that the ALJ was biased against her is unfounded. Due process requires that social security claimants be afforded a full and fair hearing. Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). Essential to a fair social security hearing is the right to an unbiased judge who fulfills his duty to develop a full and fair record. Id. An ALJ is presumed to be unbiased unless there is a specific showing for cause to disqualify. Schweiker v. McClure, 456 U.S. 188, 195 (1982). The burden to establish a disqualifying interest rests with the party asserting bias. Id. at 196. A party asserting bias must show that the behavior of the ALJ was "so extreme as to display clear inability to render fair judgment." Liteky v. United States, 510 U.S. 540, 551 (1994).

Plaintiff has failed to make such a showing in this case. As discussed, plaintiff's claim that the ALJ failed to fully and fairly develop the record is unfounded. In addition, the transcript of the administrative hearing makes clear that the ALJ was not biased against her. (R. 32-56). The ALJ questioned plaintiff in a polite, professional manner, and was not "unduly adversarial" as plaintiff now alleges. There is no evidence that the ALJ interfered with the introduction of evidence concerning plaintiff's claim, or made any comments that show he was biased against plaintiff or her particular case. In sum, there is nothing to indicate that the ALJ displayed an inability to render a fair judgment in this case.

AO 72
(Rev. 8/82)

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219